IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00439–CMA–KMT

BERNARD KENNETH RIVERS, JR.,

    Plaintiff,

v.

NATALEE PEARLINE HEWITT,

    Defendant.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendant's letter to the court/motion to dismiss (Doc. No. 3, filed March 7, 2011) and Plaintiff's "Motion for Summary Judgment" (Doc. No. 7, filed March 22, 2011).

## I.   *STATEMENT OF THE CASE*

Plaintiff, asserting jurisdiction under 28 U.S.C. § 1331, alleges that Defendant breached an oral contract and Plaintiff's Fourteenth Amendment rights by not allowing him visitation with his child. (Compl. at 1.) Plaintiff alleges the defendant "refused to perform as promised because she wants to control routine decisions while subject child is in custody of the plaintiff." (*Id.*) Plaintiff contends the defendant has "alienated subject child and has made it clear that she does not intend to perform the contract duties." (*Id.*) Plaintiff seeks money damages in the amount of $500,000, sole physical custody of the child, and an injunction against the defendant. (*Id.*)

## II.     LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to

adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

### III.    ANALYSIS

The Supreme Court has explained that the domestic relations exception " 'divests the federal courts of power to issue divorce, alimony, and child custody decrees." ' *Elk Grove Sch. Dist. v. Newdow*, 524 U.S. 1, 12 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).  This language suggests that the domestic relations exception relates to both diversity and federal question jurisdiction.  The domestic relations exception is very narrow and is not intended to "strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree" or a child custody decree.  *Ankenbrandt*, 504 U.S. at 702 (citing *Barber v. Barber*, 62 U.S. 582, 602 (1858) and *In re Burrus*, 136 U.S. 586, 594 (1890)).

Such a rule serves various policy considerations, such as (1) judicial economy, that is, "state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees," and (2) judicial expertise, that is, "it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals . . . in handling issues that arise in the granting of such decrees." *Ankenbrandt*, 504 U.S. at 704.

The Tenth Circuit also has explained the rationales for the rule:

> (1) the states have a strong interest in domestic relations matters and have developed an expertise in settling family disputes; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) federal adjudication of such disputes increases the chances of incompatible or duplicative federal and state court decrees; and (4) such cases serve no particular federal interest, while they crowd the federal court docket.

*Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989)(citing *Rykers v. Alford*, 832 F.2d 895, 899–900 (5th Cir. 1987), and *Ruffalo v. Civiletti*, 702 F.2d 710, 717 (8th Cir. 1983)). "Thus, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove*, 542 U.S. at 12–13 (quoting *Ankenbrandt*, 504 U.S. at 703).

Here, though Plaintiff attempts to couch his claims as arising under a child custody contract and the Fourteenth Amendment, Plaintiff seeks an order granting him sole custody of his child. (Compl. at 1.) Plaintiff's claims do not transcend or exist apart from the family law

issue. *Elk Grove*, 642 U.S. at 12–13. Thus, Plaintiff's claims fall within the domestic relations exception. *Ankenbrandt*, 504 U.S. at 704. Moreover, Plaintiff alleges that the defendant, by not allowing him visitation with the child, has violated a Michigan state statute. (*Id.*) Accordingly, Plaintiff's claims are more properly addressed by the Michigan state court. *See Vaughan*, 883 F.2d at 65.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's Complaint be dismissed, without prejudice, for lack of subject matter jurisdiction. The court also

**RECOMMENDS** that Defendant's letter to the court/motion to dismiss (Doc. No. 3) and Plaintiff's "Motion for Summary Judgment" (Doc. No. 7) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of April, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge